FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

APR 1  2004

JAMES W. McCORMACK, CLERK
By:_____
                  DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

BRANDT CARMICAL AND
MANDEE CARMICAL                                              PLAINTIFFS

VS.                    NO. 4:03CV00974 GH

OMNI DISTRIBUTION, INC.,
ARMOR HOLDINGS, INC., AND
DEFENSE TECHNOLOGY CORPORATION OF
AMERICA, INC.
                                                             DEFENDANTS

## AMENDED COMPLAINT

Come the Plaintiffs, Brandt and Mandee Carmical, and for their Amended Complaint state:

1. Plaintiffs claim damages in this product liability action in excess of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs. There is complete diversity of citizenship. This Court has diversity jurisdiction under 28 U.S.C. Sec. 1332.

2. At all material times hereto, the Plaintiffs, Brandt and Mandee Carmical, were residents of Pulaski County, Arkansas, and husband and wife.

3. At all material times hereto, Defendant OMNI DISTRIBUTION, INC. [hereinafter Omni], was and is a Tennessee corporation engaged in the business of designing, manufacturing, assembling, selling and distributing distraction devices, also known as stun grenades, including the device in the instant case, the Omniblast 100. Omni's manufacturing plant was at all material times hereto located in Crawfordsville, Crittenden County, Arkansas. The device which injured Officer Carmical was principally designed, assembled and manufactured in Crittenden County,

Arkansas. Omni's principal executive office address is located at 1340 E. McLemore Avenue, Memphis, Tennessee 38106, and its registered agent at that address is William Nixon.

4. At all material times hereto, Defendant ARMOR HOLDINGS, INC. [hereinafter Armor] was and is a Delaware corporation engaged in the business of designing, manufacturing, assembling, selling and distributing distraction devices, also known as stun grenades, including the Omniblast 100. Armor's principal place of business is located at 1400 Marsh Landing, Suite 112, Jacksonville, Florida 32250. Armor's registered agent for service is the Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301-2525. Armor sold and distributed the device which injured Plaintiff Brandt Carmical.

5. At all material times hereto, Defendant DEFENSE TECHNOLOGY OF AMERICA, INC. [hereinafter Deftec] was and still is a Delaware corporation engaged in the business of designing, manufacturing, assembling, selling and distributing distraction devices, and parts for distraction devices, also known as stun grenades, including the Omniblast 100. Deftec manufactured, supplied, sold and distributed the fuze assembly used in the defective stun grenade which injured Plaintiff Brandt Carmical. Deftec sold and distributed the device which injured Plaintiff Brandt Carmical. Deftec's registered agent for service is the Corporation Service Company, 1821 Logan Avenue, Cheyenne, Wyoming, 82001.

## FACTS

6. Plaintiff Brandt Carmical, is a North Little Rock police officer, and on November 2, 2002, was a member of the NLRPD SWAT team. On that date he was participating in a training/demonstration exercise when he deployed an Omniblast 100 stun grenade (Serial No. 210163) as part of the exercise. The device detonated prematurely and in effect, traumatically amputated his right hand. Doctors later removed the remaining portions of his hand.

Additionally, Officer Carmical's eardrum was perforated by the premature explosion of the grenade.

7. The Defendants designed, manufactured, assembled, and sold or otherwise distributed the particular Omniblast 100 grenade to the NLRPD, the Plaintiff's employer. The Defendants knew and intended that the Omniblast 100 would be used by police officers, such as Officer Carmical, as a stun grenade.

8. Unknown to Officer Carmical and the NLRPD, but known to the Defendants, the Omniblast 100 grenade contained dangerous design and manufacturing defects that could cause it to malfunction and explode prematurely without warning, and with unreasonable explosive force, causing exactly the type of damages suffered by Officer Carmical. Defendants, though having knowledge of these defects, failed to correct them or adequately warn the users of the device's defective condition.

9. The severe and permanent injuries suffered by Officer Carmical were the direct and proximate result of the malfunction, design and manufacturing defects of the Omniblast 100 grenade designed, manufactured, assembled, marketed, sold and distributed by the Defendants.

## COUNT 1–STRICT LIABILITY

10. The Defendants placed the Omniblast 100, S/N 210163, on the market with the knowledge that it could only be used without inspection for defects and dangerous conditions. The Defendants also knew that detection of dangerous defects and conditions of the Omniblast 100 would be beyond the capabilities of the intended users of the device.

11. The subject Omniblast 100 grenade was defective and unreasonably dangerous to the ultimate users on or about December 15, 2000, the time it was sold and distributed to Plaintiff's employer for use by police officers, and at the time Officer Carmical used it on November 2,

2002. Specifically, the grenade could malfunction and explode prematurely without warning and with unreasonable force. The Defendants created the defective and unreasonably dangerous condition and knew that the device was defective and unreasonably dangerous, yet the Defendants failed to warn of the defective and dangerous conditions.

12. On November 2, 2002, the Omniblast 100 grenade was substantially without change from its original condition when sold and distributed by the Defendants.

13. As a result of the design and manufacturing defects which cause premature explosions of unreasonable force, and because of the Defendants failure to warn, the Omniblast 100 was unreasonably and inherently dangerous to the intended users, including Officer Carmical, when the device was used in for its intended purpose. Officer Carmical was using the device at the time of his injury in the intended manner, and without contributory fault on his part.

14. For the reasons set forth above, Defendants are strictly liable for the damages suffered by the Plaintiffs.

### COUNT II—NEGLIGENCE

15. On or before November 2, 2002, the Defendants owed a duty of care in the design, manufacture, assembly, sale and distribution of the Omniblast 100 stun grenade. This duty of care extended to all users, operators and consumers of the product, which included the Plaintiff Brandt Carmical.

16. The Defendants breached the duty of care and were negligent by designing, manufacturing, assembling, distributing and selling the Omniblast 100 stun grenade with dangerous design and manufacturing defects. These defects caused the Omniblast 100 to prematurely explode with unreasonable force, without warning, during proper deployment of the

grenade, causing injury to users. These facts were known to the Defendants prior to the purchase and use of the Omniblast 100 which injured Plaintiff Brandt Carmical.

17. The Defendants were under a duty of care to provide adequate warnings of any danger associated with the Omniblast 100 stun grenade either known to the Defendants or which in the exercise of reasonable care should have been known to them, and which users of the grenade would not discover.

18. Defendants breached the duty of care, and were negligent, by failing to provide adequate warnings to the Plaintiff Brandt Carmical of the dangers associated with the Omniblast 100 stun grenade, specifically the design and manufacturing defects which caused the Omniblast 100 grenade to explode prematurely during its normal and foreseeable use.

19. On November 2, 2002, Defendants' negligence in (1) designing, manufacturing, assembling, selling and distributing the subject Omniblast 100 grenade with dangerous design and manufacturing defects, and (2) failing to warn of the dangerous design and manufacturing defects, directly, solely, and proximately caused the Plaintiff Brandt Carmical to be injured when the subject grenade exploded in or near his hand during normal intended use.

20. The premature explosion and resulting injuries were solely, directly, and proximately the result of the negligence of the Defendants, and in no way did the Plaintiff contribute t that negligence.

## COUNT III—LOSS OF CONSORTIUM

21. As a direct and proximate result of the actions and omissions of the Defendants set forth above, Plaintiff Mandee Carmical has been deprived of the society, comfort ad consortium of her husband, Brandt Carmical.

## DAMAGES

22. As a direct and proximate result of the Defendants' negligence, Plaintiff Brandt Carmical suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, hospitalization, medical and nursing care and treatment, loss of earnings and earning capacity. These losses are either permanent or continuing within a reasonable degree of medical probability and Plaintiff Brandt Carmical will suffer these losses in the future.

23. As a direct and proximate result of the defective and unreasonable dangerous condition of the subject Omniblast 100 grenade which caused the grenade to prematurely explode with unreasonable force in or near his hand, Plaintiff Brandt Carmical suffered bodily injury, and resulting pain and suffering, disability, disfigurement, mental anguish, loss of enjoyment of life, hospitalization, medical and nursing care and treatment, loss of earnings, and the loss of future earning capacity. These losses are with permanent or continuing within a reasonable degree of medical probability and Plaintiffs will suffer from these losses or their effects in the future.

24. On or before November 2, 2002, the Defendants knew that the Omniblast 100 stun grenade was defective and unreasonably dangerous to foreseeable users, including Plaintiff Brandt Carmical, because of its dangerous design and manufacturing defects which allowed the device to explode prematurely and with unreasonable force without warning during its normal intended use. The Omniblast 100 stun grenade had exploded prematurely and with unreasonable force on a number of occasions prior to November 2, 2002, causing injuries similar to those suffered by Plaintiff Brandt Carmical, yet the Defendants continued to manufacture, assemble, sell and otherwise distribute the grenade to law enforcement consumers.

25. Despite having knowledge that its product was defective and unreasonably dangerous, the Defendants failed to make necessary corrections to render the grenade reasonable safe; failed to cease manufacturing, assembling, selling and otherwise distributing the grenade; failed to provide any warning of the dangerous and defective condition of the grenade; and failed to recall the defective and unreasonably dangerous grenades already in the marketplace.

26. Defendants' conduct, which solely, directly and proximately caused Plaintiff Brandt Carmical's severe and permanent injuries, is of a gross and flagrant character, evidencing reckless disregard of human life, and the safety of people exposed to the dangerous, defective grenade. Defendants' conduct evidence an entire want of care and a conscious indifference to the consequences of its actions and omissions. Defendants' conduct is in clear disregard of the safety and welfare of the persons using the Omniblast 100 grenade, and manifests a reckless indifference to the rights of others.

27. Defendants knew from prior incidents that its product, the Omniblast 100 stun grenade, was inherently dangerous to persons and continued use was likely to cause additional injuries or death. Nevertheless, Defendants continued to market the grenade. The conduct of the Defendants warrants the imposition of punitive damages in addition to all compensatory damages and costs.

WHEREFORE, Plaintiffs pray for judgment for punitive damages against the Defendants in addition to all compensatory damages and costs.

## DEMAND FOR JURY TRIAL

28. Plaintiffs demand a jury trial on all issues.

                                                                              Respectfully submitted,

Tab Turner
Ark.Bar No. 85158
Turner & Associates, P.A.
4705 Somers Ave., Suite 100
N. Little Rock, AR 72116
501-791-2277
501-791-1251 fax

And

Randall W. Morley
Ark.Bar No. 82108
Randall W. Morley, PLLC
315 N. Broadway
N. Little Rock, AR 72114
501-372-4314
501-375-3045 fax

By: /s/ Randall W Morley
Randall W Morley

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing pleading has been served on the attorneys set forth below by mail this _____ day of ~~March~~ April, 2004.

Mr. Jim Simpson
Friday, Eldredge & Clark, LLP
2000 Regions Center
400 West Capitol
Little Rock, AR 72201

/s/ Randall W. Morley
Randall W. Morley