IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

BRANDT CARMICAL AND
MANDEE CARMICAL                                                          PLAINTIFFS

VS.                            NO. 4:03CV00974 GH

OMNI DISTRIBUTION, INC.,
ARMOR HOLDINGS, INC., AND
DEFENSE TECHNOLOGY CORPORATION OF
AMERICA, INC.
                                                                          DEFENDANTS

### PLAINTIFFS' BRIEF IN SUPPORT OF THEIR MOTION TO STRIKE DEFENDANTS' MOTION TO COMPEL RESPONSES TO SECOND SET REQUESTS FOR PRODUCTION OF DOCUMENTS PROPOUNDED TO BRANDT CARMICAL

Brandt Carmical and Mandee Carmical ("Plaintiffs") submit this Brief in Support of their Motion to Strike Armor Holdings, Inc. and Defense Technology Corporation of America, Inc.'s ("Defendants") Motion to Compel. Local Rule 7.2 (g) makes clear that all motions to compel discovery shall contain a statement by the moving party that the parties have conferred in good faith on the specific issue in dispute and that they are not able to resolve their disagreements without the intervention of the Court. While Defendants' motion to compel does contain such a statement, it is simply not true in this case.

Plaintiffs received Defendants' Second Set of Requests for Production of documents on or about July 9, 2005 in which the Defendants requested that Brandt Carmical fill out and sign portions of a request for military records and a medical information authorization. On or about August 9, 2005, counsel for Plaintiffs received a letter from defense counsel stating that they had not yet received the authorization for Brandt Carmical's records with the military. It is this letter

**PLAINTIFFS' BRIEF IN SUPPORT OF RESPONSE TO DEFENDANTS' MOTION TO COMPEL PAGE 1**

upon which Defendants are attempting to rely to support their attempt to meet and confer. The August 9th letter did not make any mention of a "meet and confer" attempt nor did it state that counsel for Defendants were going to file a motion to compel if the authorization was not returned by a certain date.

In fact, counsel for Plaintiffs had numerous discussions with counsel for Defendants after August 9th relating to documents and requests for production of documents that Defendants had refused to produce. Thereafter, Plaintiffs filed a motion to compel against Defendants. Never once during these discussions did the issue of the Brandt Carmical's authorization for military records come up. It was only after Plaintiffs filed a motion to compel answers to interrogatories and production of documents that Defendants retaliated by filing their own motion.

Clearly, Defendants never did "meet and confer in good faith" on the issue of Brandt Carmical's military authorization. Had they done so, there would have been no need for Defendants to file the motion to compel. As soon as counsel for Plaintiffs realized that the authorization had not been delivered to Defendants (i.e. when Plaintiffs' counsel received Defendants' Motion to Compel) counsel for Plaintiffs hand delivered the authorization to Defendants' counsel.

Therefore, Plaintiffs request that this Court strike Defendants' Motion to Compel and award Plaintiffs their costs incurred in responding to such motion and for all other relief to which they may be entitled.

RESPECTFULLY SUBMITTED,

C. Tab Turner
Ark. Bar No. 85158
Turner & Associates, P.A.
4705 Somers Ave., Suite 100
N. Little Rock, AR  72116
501-791-2277
501-791-1251 fax

and

Randall W. Morley
Ark.Bar No. 82108
Randall W. Morley, PLLC
4705 Somers Ave.
N. Little Rock, AR  72114
501-372-4314
501-375-3045 fax

By: /s/ Tab Turner
Tab Turner

## CERTIFICATE OF SERVICE

I hereby certify that on September 1, 2005, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

Bruce E. Munson
Huckabay, Munson, Rowlett, & Moore, P.A.
400 West Capitol Avenue
Suite 1900
Little Rock, AR 72201

/s/ Tab Turner
Tab Turner